UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED JUN 25 2012 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| SHOSHANA COOPER, <br> SARA KUPER <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF CHICAGO, <br> CHICAGO POLICE OFFICERS <br><br> ELIZABETH J. MATHESON <br> MCGHEE <br><br> MONTY G. CASSIDY | 12cv5104 <br> Judge Ronald A. Guzman <br> Magistrate Jeffrey T. Gilbert <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Now comes Plaintiffs, ("Plaintiff"), SHOSHANA COOPER and SARA KUPER by and through their attorney, Stephen L. Richards, and make the following complaint against Defendant CITY OF CHICAGO ("Defendant City") and CHICAGO POLICE OFFICERS ELIZABETH J. MATHESON MCGHEE and MONTY G. CASSIDY and states as follows:

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). Defendants reside in this judicial

district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Shoshana Cooper was a 60 year old female resident of Skokie, Illinois.

5. At all times relevant hereto, Plaintiff Sara Kuper was an 84 year old female resident of Skokie, Illinois.

6. Defendant Officers were at all relevant times employed by the City of Chicago and acting within the scope of their employment and under color of law.

7. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL ALLEGATIONS

8. On September 4, 2011, at approximately 10:30 a.m. or shortly thereafter, plaintiffs were detained by defendants at 2530 north Rockwell street, Chicago, Il 60647.

9. At this time and at all times relevant hereto, Plaintiffs were acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

10. At this time Defendant Officers stopped plaintiffs as they were crossing the street.

11. Defendant officers, together with other unknown officers in four police cars told plaintiffs "Stop," and "Don't move"!

12. Plaintiff Shoshana Cooper said to the officers: "We were just leaving."

13. Defendant Cassidy replied: "You can't leave."

14. When plaintiff Shoshana Cooper tried to explain their purpose in going to that address, Defendant Cassidy yelled at plaintiffs to be quiet.

15. Plaintiff Shoshana Cooper told the officers that plaintiffs would go sit in plaintiffs' car.

16. Defendant Cassidy replied that he would confiscate plaintiffs' car.

17. Plaintiff Shoshana Cooper then told defendant Cassidy: "You can't do that."

18. Defendant Cassidy replied: "Watch me."

19. Defendant Cassidy asked Plaintiff Sara Kuper: "How would you like to be arrested."?

20. Plaintiff Sara Kuper, feeling extreme emotional distress, was trembling and shaking.

21. Plaintiff Sara Kuper said" "What did I do?"

22. Defendant Cassidy replied: "You broke the law."

23. Plaintiff Sara Kuper said that she had only rung a bell.

24. Plaintiff Shoshana Cooper asked: "Ringing the bell is breaking the law? Many people ring my bell."

25. Defendant Cassidy yelled at plaintiff Shoshana Cooper to be quiet.

26. Plaintiff Shoshana Cooper explained to Defendant Cassidy that they had rung the bell because she had spoken to plaintiff Shoshana Cooper's daughter on the phone

and her daughter had told her that she loved her mother and missed her and that she could arrange to meet with her grandmother, plaintiff Sara Kuper.

27. Shoshana explained to defendant Cassidy that they had delivered two very important letters to her daughter.

28. Defendant Cassidy yelled at plaintiffs again.

29. When plaintiff Shoshana Cooper tried to explain her work history and background, defendant Cassidy replied: "I don't care who you are."

30. Defendant Cassidy then asked plaintiff Sara Kuper her nationality.

31. Plaintiff Sara Kuper replied: "Jewish."

32. Plaintiff Shoshana Cooper said: "We are white."

33. Defendant Cassidy said: "You are not white, you are Jewish."

34. Defendant Cassidy asked plaintiffs where they lived.

35. Plaintiffs replied that they lived in Skokie.

36. Defendant Cassidy replied that plaintiffs should have stayed in Skokie and not come to Chicago.

37. Plaintiff Shoshana Cooper then suggested to defendant Cassidy that plaintiff Sara Kuper could sit in defendant Cassidy's car.

38. Defendant Cassidy, in response, grabbed plaintiff Shoshana Cooper by the shoulder, digging his fingers very deep into her shoulder, causing her intense pain.

39. Defendant Cassidy then picked plaintiff Cooper up like a sack of potatoes, and forcibly dragged her into his squad car and threw her in the back of the car.

40. Cassidy locked the car.

41. All of the windows in the car were up.

42. It was 90 degrees outside, and hotter in the squad car.

43. Plaintiff Shoshana Cooper was held in the squad car, against her will, for almost 60 minutes.

44. During this same period of time, plaintiff Sara Kuper was also held against her will, outside the squad car.

45. After 60 minutes, defendant Cassidy told plaintiffs to leave the area, otherwise he would change his mind and arrest both plaintiffs.

46. Defendant Cassidy also told the plaintiffs if he ever saw them or their car in this street they would be arrested.

## Count I – 42 U.S.C. § 1983 False Arrest

47. Plaintiffs re-allege paragraphs 1 through 44 as if fully repleaded herein.

48. On September 4, 2011, Plaintiffs were stopped and seized without a warrant, without probable cause, and without reasonable suspicion. This seizure and arrest was in violation of the Plaintiffs' rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

49. Defendant Officers unlawfully and maliciously arrested plaintiffs and wrongfully detained them without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

50. Defendant officers interfered with plaintiffs' right to free movement by threatening them with arrest if they ever returned to that street.

51. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the plaintiffs' constitutional rights and would cause harm to the plaintiffs.

WHEREFORE, Plaintiff prays for judgment against Defendant officers in a fair and just amount sufficient to compensate them for the injuries they suffered, plus, plaintiffs seek a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – State Law Claims Against Defendant City
*Respondeat Superior* **and Indemnification**

52. Plaintiffs re-allege paragraphs 1 through 48 as if fully re-pleaded herein.
53. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.
54. At all relevant times, Defendant Officers were agents of Defendant City of Chicago and of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiffs pray for judgment against Defendants in a fair and just amount sufficient to compensate them for the injuries they suffered, plus, plaintiffs seek costs and reasonable attorney fees, and all such other relief as this Court finds just and

equitable.

SHOSHANA COOPER

SARA KUPER

PlaintiffS,   /s/

By: Stephen L. Richards
651 W. Washington Suite 205
Chicago, IL 60661
773-817-6927
Sricha5461@aol.com
Attorney No: 6191946