# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHOSHANA COOPER and SARA KUPER, | ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 5104 |
| vs. | ) ) | Judge Ronald A. Guzmán |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS ELIZABETH J. MATHESON MCGEE and MONTE CASSIDY, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On September 4, 2011, plaintiff Shoshana Cooper and her eighty-five-year-old mother plaintiff Sara Kuper went to the apartment of Sabrina Lora, their daughter and granddaughter, respectively. Plaintiffs say they rang the doorbell, Sabrina came down and took a letter that Sara had put through the mail slot, and when they turned to leave they were accosted by Cassidy and a number of other police officers. Cassidy told them he would arrest them and confiscate Shoshana's car, threw Shoshana into a squad car, locked the door and held her there for nearly an hour. Sara was not put into a squad car, but believed that she was not free to leave the scene.

Sabrina's roommate, Melissa, boyfriend, Jason, and various police officers, including defendant Cassidy, tell a different story. Melissa and Jason say Shoshana was standing outside the apartment yelling for and about Sabrina, as she had done several times before, so they called the police. Defendant Cassidy responded to the call, and says that when he arrived, he heard Shoshana shouting for Sabrina and yelling that Sabrina and her boyfriend were selling drugs. While Cassidy was speaking to Melissa and Jason, Shoshana loudly recounted her version of events to another

officer. Cassidy repeatedly told Shoshana to lower her voice, and when she refused to do so, put her in a squad car so he could finish his investigation. Within fifteen minutes, Cassidy says, he finished the investigation, determined that Sabrina did not want to press charges, checked for open warrants on plaintiffs and told them they could leave.

Plaintiffs seek to hold the City, Cassidy and defendant McGhee, whose only involvement was a post-hoc review of Cassidy's report, liable for false arrest under 42 U.S.C. § 1983. Defendants contend that they are entitled to summary judgment on these claims. That is true only if defendants "show[] that there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding this motion, the Court views the evidence and draws all reasonable inferences from it in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Defendants' motion will be granted only if the record as a whole shows that no reasonable jury could find for plaintiffs. *Michas*, 209 F.3d at 692.

The City can be held liable under § 1983 only if the alleged constitutional violations were caused by the execution of one of its policies or practices. *Monell v. Dep't of Soc. Servs. of City N.Y.*, 436 U.S. 658, 694 (1978); *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir.2000) (stating that a policy, for purposes of *Monell*, is an express policy, a widespread and permanent practice, or action by a person with final policymaking authority). There is no evidence to suggest that they were. Accordingly, the City is entitled to judgment as a matter of law on plaintiffs' claims.

The individual defendants can be held liable under § 1983 only if the evidence suggests that each of them "caused or participated in" the allegedly unlawful arrests. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1986). Plaintiffs admit that:

> [D]efendant McGhee was not working during the September 4th incident and had no interaction with Plaintiffs at 2530 North Rockwell Street. She is only listed on the case report because she was assigned the following day to review the case, which she administratively closed on September 7, 2011. Plaintiff Sara Kuper admits that she had no interaction with Detective McGhee during the relevant period in time. Plaintiff Shoshana Cooper concedes that she did not even see Detective McGhee at the scene of her alleged false arrest.

(Pls.' LR 56.1(b)(3)(B) Stmt. ¶ 55.) Accordingly, McGhee is also entitled to judgment as a matter of law on plaintiffs' claims.

That leaves defendant Cassidy, who is liable for false arrest if he arrested plaintiffs without probable cause. *Stokes v. Bd. of Educ. of City of Chi.*, 599 F.3d 617, 622 (7th Cir. 2010). Plaintiffs were arrested if, "in view of all of the circumstances surrounding the incident, a reasonable person [in their position] would have believed that [s]he was not free to leave." *United States v. Tyler*, 512 F.3d 405, 409-10 (7th Cir. 2008) (quotations omitted). Cassidy had probable cause to arrest plaintiffs if, at the time of the arrests, the facts and circumstances within his knowledge would have caused a reasonable person to believe that plaintiffs had committed a crime. *Stokes*, 599 F.3d at 622. Plaintiffs, whose evidence must be taken as true, say they were standing peacefully outside of Sabrina's apartment building when Cassidy accosted them, told them he would arrest them and confiscate Shoshana's car and then locked Shoshana in a squad car for nearly an hour while her eighty-five-year old mother stood, petrified, nearby. That evidence, though disputed by Cassidy, is sufficient to raise a triable fact issue as to plaintiffs' false arrest claims. *See id.*; *Tyler*, 512 F.3d at 509-10.

The record, viewed favorably to plaintiffs, also raises a fact issue as to Cassidy's qualified immunity defense. Cassidy is immune from liability for false arrest, even if he lacked probable cause, if there is evidence that suggests "a reasonable officer could *mistakenly* have believed" that

3

probable cause existed. *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012) (emphasis original). But there is no evidence – for example, testimony from a witness that he or she told Cassidy plaintiffs had caused a disturbance before he arrived on the scene – from which a reasonable but mistaken belief as to the existence of probable cause can be inferred. Because there is a triable issue of fact as to Cassidy's qualified immunity defense, his motion for summary judgment is denied.

### **Conclusion**

For the reasons stated above, the Court grants in part and denies in part defendants' motion for summary judgment [45]. The motion is granted with respect to the claims plaintiffs assert against the City and defendant McGhee and denied with respect to the claims they assert against defendant Cassidy. Moreover, because the Court routinely evaluates Rule 56.1 statements for compliance with the Local Rule and disregards assertions that do not comply, the Court strikes as moot defendants' motion to strike [63]. Status is set for December 12, 2013 at 9:30 a.m. At the next status hearing, the parties should be prepared to set a date for filing the final pretrial order and for trial.

**SO ORDERED.**  **ENTERED: December 5, 2013**

_Ronald A. Guzman_
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**