# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHOSHANA COOPER and SARA KUPER, | ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 5104 |
| vs. | ) ) | Judge Ronald A. Guzmán |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS ELIZABETH J. MATHESON MCGEE and MONTE CASSIDY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Cassidy asks the Court to reconsider its December 5, 2013 order denying his motion for summary judgment. He contends that the Court erred in finding that there was an issue of material fact as to whether he had probable cause or arguable probable cause to arrest plaintiffs Shoshana Cooper and Sara Kuper on September 4, 2011. Cassidy had probable cause if, at the time of the arrest, the facts and circumstances within his knowledge would have caused a reasonable person to believe that plaintiffs had committed a crime. *Stokes v. Bd. of Educ. of City of Chi.*, 599 F.3d 617, 622 (7th Cir. 2010). He had arguable probable cause if "a reasonable officer could *mistakenly* have believed that he had probable cause to make the arrest." *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012) (emphasis original). Cassidy contends that the following are undisputed facts that establish probable cause: (1) he heard Shoshana yelling at her daughter, Sabrina, while standing outside of Sabrina's apartment building, and was told by Sabrina's roommates, Melissa and Jason, that Shoshana had been yelling; (2) Sabrina's downstairs neighbor, Edwin Arocho, told Cassidy that Shoshana had a history of causing disturbances at the apartment

building; and (3) Sabrina, Melissa and Jason told Cassidy that Shoshana had a history of causing disturbances at the apartment building.

The first assertion, that Shoshana was yelling on the day of the arrests, is disputed by Shoshana's own testimony that she did not yell or cause a disturbance. (Pl.'s Ex. A, Cooper Dep. at 35-36.) The second assertion, that Arocho told Cassidy about Shoshana's history, is not supported by the record. Arocho testified that he heard Shoshana yelling on various occasions and spoke to one of the officers about her on September 4, 2011. (Defs.' Ex. F, Arocho Dep. at 16.) But he also testified that the responding officers were African-American and Hispanic – Cassidy is neither – and did not say what he told the unidentified officer about Shoshana. (*See id.* at 14-16.) The third assertion, that Sabrina, Melissa, and Jason told Cassidy about Shoshana's history is not supported by the witnesses' testimony. In the few pages of Sabrina's deposition submitted by defendants, she does not even discuss the September 4, 2011 incident, let alone say that she talked to Cassidy about Shoshana on that day. (*See generally* Defs.' Ex. E, Sabrina Dep.) Melissa, whose deposition testimony is equally sparse, says that she called the police on September 4, 2011 because of Shoshana's yelling but does not say that she spoke to Cassidy or any other responding officer about Shoshana's behavior on that or any other day. (*Id.*, Ex. G, Melissa Dep. at 57-64.) Jason, whose testimony is the most detailed of the three, says only that he and Melissa "ha[d] a conversation" with the officers who responded to the call but does not identify the officers by name or ethnicity or give any details about the conversation. (*Id.*, Ex. H, Jason Dep. at 51-52.) Thus, the only undisputed fact bearing on probable cause is Cassidy's assertion that Sabrina, Melissa and Jason, none of whom testified that they spoke to him, told him that Shoshana was causing and had previously caused a disturbance. (*See id.*, Ex. J, Cassidy Dep. at 25-26, 36-38.) Given the lack of corroboration for

Cassidy's version of events, and the fact that plaintiffs dispute it, there is a genuine issue of material fact as to whether Cassidy had probable cause or arguable probable cause to arrest plaintiffs.

Cassidy also contends there is no evidence to support Sara's claim because she testified that she was stopped by an African-American officer and that the Irish officer "never talke[d] to [her]." (*See* Defs.' Ex. C, Kuper Dep. at 54-55, 76-77.) Other parts of Sara's testimony, however, undermine these statements. She testified, for example, that: (1) "the Irish" officer was with the African-American officer; (2) Shoshana was put into the squad car because she told the Irish officer to leave Sara alone; (3) Shoshana and Sara "want[ed] to go back to the car, and they say we can't go to the car[,] . . . . [w]e confiscate your car"; (4) "The Irish one . . . .wasn't interested to hear anything from me."; (5) "I was held there to be arrested. We can't move from there."; and (5) after the Irish officer wrote up the report he said, "You can go home. Go back to Skokie before we change our mind." (*See* Pls.'Ex. B, Sara Dep. at 58-88.) Though Sara's testimony is confusing at best, viewed in plaintiffs' favor with the other evidence in the record, it is sufficient to defeat summary judgment. In sum, Cassidy's motion for reconsideration [71] is denied.

**SO ORDERED.**  ENTERED: February 18, 2014

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

3